IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Jonathan David McCoy, | ) | C/A No.: 3:10-cv-132-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS'** |
| | ) | **MEMORANDUM IN RESPONSE** |
| vs. | ) | **TO PLAINTIFF'S MOTION FOR** |
| | ) | **PRELIMINARY INJUNCTION** |
| | ) | |
| City of Columbia, City of Columbia Police | ) | |
| Department, John K. Passmore, | ) | |
| James Heywood and Amanda H. Long, all | ) | |
| in their individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

The Defendants City of Columbia and City of Columbia Police Department (hereinafter "City") submit this memorandum in response to the Plaintiff's Motion for Preliminary Injunction.

## Introduction/Facts

At approximately 4:00 a.m. on October 17, 2009, the Plaintiff made his way out of a Five Points bar, onto a crowded and boisterous sidewalk, and immediately stepped into the middle of an ongoing custodial arrest of another individual. The arrest was not blocking the Plaintiff's path. The Plaintiff walked towards the arrest scene. At the time the Plaintiff approached unannounced within arms-length of the arrestee and the officers on a crowded sidewalk, the officers were in the process of lifting the arrestee from the ground. The Plaintiff had positioned himself in between the arrestee and the street, prohibiting the officers from being able to escort the arrestee directly off of the sidewalk

1

and out to the street where their patrol cars were stationed. The Plaintiff delayed the officers from immediately escorting the arrestee to the patrol cars.

Upon information and belief, the officers did not know who the Plaintiff was at the time he approached. Upon information and belief, one or more of the officers, for the safety of the Plaintiff, the arrestee and the officers, instructed the Plaintiff to back up and leave the immediate area and attempted to move the Plaintiff out of the immediate vicinity of the ongoing arrest. In fact, the Plaintiff approached so close to officers while they were trying to restrain and control the other individual that he was forcibly pushed away by an officer. Therefore, the Plaintiff was within less than an arms-length distance while the officers were effectuating the arrest and attempting to control the arrestee. The Plaintiff did not comply with the police instructions. Moreover, upon information and belief, during the encounter the Plaintiff grabbed one of the officer's arms. The Plaintiff was arrested for a violation of Columbia City Code § 10-34(b). The Plaintiff requested a jury trial and this charge is still pending in the City of Columbia Municipal Court. (See Complaint ¶ 40)

The Plaintiff filed this lawsuit on January 19, 2010. On February 11, 2010, the City moved the Court to abstain from exercising jurisdiction over the Plaintiff's claims and for an order dismissing this matter with prejudice. See Younger v. Harris, 401 U.S. 37 (1971). The Plaintiff now moves for a preliminary injunction. For the reasons stated herein and in the City's motion to dismiss, the City asserts the Plaintiff's motion for preliminary injunction should also be dismissed. In the alternative, the City asserts the Plaintiff's motion should be denied.

**Law/Analysis**

I.    The Plaintiff's Complaint and Motion for Preliminary Injunction should be dismissed based on the doctrine of federal abstention.

In Younger, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings. 401 U.S. 37. The plaintiff in Younger sought a federal court injunction against a state criminal prosecution on the grounds that his prosecution violated the First Amendment. The plaintiff had been indicted and "was actually being prosecuted by California for a violation of [state law] at the time th[e] suit was filed." Id. at 41.

The Court noted that "[a] federal lawsuit to stop a prosecution in a state court is a serious matter." Id. at 42. The Court recited Congress's almost two-hundred year old "desire to permit state courts to try state cases free from interference by federal courts." Id. at 43. "Based upon principles of federalism, the Supreme Court in Younger articulated the policy of comity underlying the federal courts' obligation to refrain from adjudicating the merits of federal constitutional claims in an underlying state criminal action: adjudicating such claims needlessly injects federal courts into ongoing state criminal prosecutions, undermines the state's ability to enforce its laws, and does not show 'a proper respect for state functions.'" Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003). "The Court also recognized that federal courts acting as courts of equity in this context "should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" Id.; see Fenner v. Boykin, 271 U.S. 240, 244 (1926) ("The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge

3

of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.").

The Plaintiff has not alleged that he has exhausted his avenues for relief in the state court system.  Nor has he alleged an inadequate remedy at law or irreparable injury such that the district court must act.  See Younger, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").  The Plaintiff has not asserted any reasons why his rights cannot be protected adequately by the state courts.  The Plaintiff can raise any constitutional claims he may have as a defense to the state court criminal prosecution.  For these reasons, the Plaintiff's Motion for Preliminary Injunction should be dismissed.  See Gibson v. Berryhill, 411 U.S. 564, 577 (1973) (stating that Younger "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts."); see also Samuels v. Mackell, 401 U.S. 66 (1971) (holding that federal courts may not provide a plaintiff with declaratory relief when he is subject to a pending state court criminal prosecution).

Despite the clear holding from the United States Supreme Court in Younger, the Plaintiff persists in misusing federal judicial resources in a thinly veiled attempt to influence the municipal court proceeding.  The Plaintiff asserts that he has repeatedly requested that his charge be dismissed and, "**as a result**" of continuing prosecution, the Plaintiff filed this action.  (Plaintiff's Motion for Preliminary Injunction at 5).  At the time this action was filed this charge has been pending for only three months.  The charge had not yet appeared on a jury trial docket.  In the normal course of prosecution in the

City of Columbia Municipal Court, charges are not dealt with until they are placed on a court docket.  Upon information and belief, the Plaintiff's municipal court case has been treated no differently than any other case where a defendant requests a jury trial.  The Plaintiff's opinion that the case should be dismissed or his impatience with the municipal court system should not serve as a basis for exercising federal court jurisdiction over a matter clearly best left to the state court system.

II.     In the alternative, the Plaintiff's motion should be denied because the Plaintiff has not established that he is entitled to a preliminary injunction.

    **A)     The Plaintiff has not made a clear showing of a likelihood of success on the merits.**

    **i. The ordinance is not unconstitutionally vague or overbroad on its face.**

The Plaintiff asserts section 10-34(b) is unconstitutionally vague and overbroad on its face and relies primarily upon City of Houston v. Hill, 482 U.S. 451 (1987), for such contention.  In Hill, the Court found the "enforceable portion" of the ordinance at issue to be overbroad.[1]  The enforceable portion of the ordinance made it "unlawful for any person to . . . in any manner oppose, molest, abuse or interrupt any policeman in the execution of his duty".  The plaintiff did not challenge the portion of the ordinance making it unlawful to assault or strike a police officer.  Id. at 461 n.9.  Therefore, Hill did not address the constitutionality of an ordinance addressing "core criminal conduct" such as physically interfering with police officers.  Id. at 460.[2]  The Court stated that the enforceable portion of the ordinance dealt only with speech and prohibited verbal interruptions of police officers.  Id.  The Court emphasized throughout its opinion that it

---

[1] The entire ordinance stated that "It shall be unlawful for any person to assault, strike or in any manner oppose, molest, abuse or interrupt any policeman in the execution of his duty . . . ."

[2] Hill left untouched a municipality's power to "punish physical obstruction of police action."  Id. at 462 n.11.

was concerned with an ordinance that addressed only speech and "criminalize[d] a substantial amount of constitutionally protected speech", id. at 466, and was a "broad statute aimed at speech", id. at 462 n.11.  See id. at 462 ("It is not limited to fighting words nor even to obscene or opprobrious language, but prohibits **speech** that '**in any manner** . . . interrupt[s]' an officer.") (emphasis added).  Moreover, Hill did not strike down all statutes that might apply to speech.  See id. at 462 n.11.

To the extent section 10-34(b) applies to speech, this section is not unconstitutionally overbroad.  This section makes it "unlawful for any person to interfere with or molest a police officer in the lawful discharge of his duties."  To prevail on an overbreadth challenge, "particularly where conduct and not only speech is involved", the Plaintiff must demonstrate that the ordinance's overbreadth is "not only . . . real, but substantial as well, judged in relation to the [challenged ordinance's] plainly legitimate sweep," and also that no "limiting construction" or "partial invalidation" could "remove the seeming threat or deterrence to constitutionally protected expression."  Broadrick v. Oklahoma, 413 U.S. 601 at 613, 615 (1973).  The Plaintiff contends that there is no legitimate sweep to the subject ordinance.  This contention ignores the plain meaning of the words used in the ordinance and misconstrues the distinction between the City's ordinance and those at issue in Hill and Town of Honea Path v. Flynn, 255 S.C. 32, 176 S.E.2d 564 (1970).  The City's ordinance does not go so far as the Houston ordinance in prohibiting speech that "**in any manner** . . . interrupt[s]" an officer.  Nor does it "attempt[] to make . . . 'interference' with any officer 'in any manner, by word or act' a penal offense."  Flynn, 255 S.C. at 39, 176 S.E.2d at 567.  Section 10-34(b) on its face is not a "broad statute aimed at speech".  Hill at 462; see Younger, 401 U.S. at 51 ("Where

a statute does not directly abridge free speech, but . . . tends to have the incidental effect of inhibiting First Amendment rights, it is well settled that the statute can be upheld if the effect on speech is minor in relation to the need for control of the conduct and the lack of alternative means for doing so.").

Likewise, section 10-34(b) is not unconstitutionally vague.[3]  City Council did not define any of the terms in the ordinance.  They are, however, terms of common usage and they provide a person of ordinary intelligence a reasonable opportunity to understand what conduct is prohibited.  The Plaintiff summarily concludes that the ordinance's vagueness is "self-evident".  However, the Plaintiff makes no attempt to demonstrate why the ordinance's terms cannot be reasonably understood.

The word "interfere" means "to come between so as to impede:  hinder" and "to intrude in the affairs of others:  meddle."  Webster's II Office Dictionary 377 (3rd ed. 2005).

The State of Connecticut has a statute similar to the City ordinance.  It provides that "[a] person is guilty of interfering with an officer when such person obstructs, resists, hinders or endangers any peace officer . . . ."  See State v. Briggs, 894 A.2d 1008 (Conn. Ct. App. 2006) (quoting Conn. Gen. Stat. § 53a-167a).  This statute was enacted to "prohibit behavior that hampers the activities of the police in the performance of their duties . . . ."  Id. at 1013; see also State v. Estes, 117 S.E. 581, 583 (N.C. 1923) ("To 'interfere' is to check or hamper the action of the officer, or to do something which hinders or prevents or tends to prevent the performance of his legal duty . . . .").

---

[3]  The Hill Court did not address the vagueness of the ordinance.  It left undisturbed the trial court's determination that the ordinance was not vague and that "'the wording of the ordinance is sufficiently definite to put a person of reasonable intelligence on fair notice of what actions are forbidden.'"  Hill at 456.

7

The City's ordinance is not unconstitutionally overbroad or vague. The Plaintiff has not made a clear showing that he is likely to succeed on the merits.

### ii. The ordinance is not unconstitutional as applied to the Plaintiff.

The Plaintiff has failed to carry his burden at this stage to demonstrate that his conduct is constitutionally protected. There is no constitutional right to engage in conduct both disobedient and dilatory and that serves to interfere with police action, all while the officers were engaged in the performance of an inherently risky duty.

In Abrams v. Walker, 307 F.3d 650 (7th Cir. 2002),[4] an attorney was charged with a violation of a statute making it a misdemeanor to "knowingly resist or obstruct the performance of a known police officer acting in his official capacity."[5] In Abrams, the attorney pulled his car to the side of the road after observing his client get stopped by a state trooper. The attorney approached the trooper and questioned his decision to pull his client over. The trooper instructed the attorney to return to his vehicle and warned him that his failure would result in a citation. The attorney refused to obey the trooper's order. "In all, [the attorney's] actions had the effect of interrupting and delaying the trooper's traffic stop of the other vehicle." Id. at 652.

The attorney later sued for violations of his constitutional rights **after** being acquitted in state court. The district court granted summary judgment for the trooper, finding the trooper had probable cause to arrest the attorney for obstructing a police officer and that the attorney did not engage in any protected First Amendment speech.

---

[4] Abrams has been abrogated by Spiegla v. Hull, 371 F.3d 928 (7th Cir. 2004), to the extent Abrams required that a plaintiff alleging a First Amendment retaliation claim has the burden of proving but-for causation.

[5] Under the statute, "obstruct", similar to "interfere", means "to be or come in the way of" and does "not proscribe mere argument with a policeman about the validity of . . . police action but proscribe[s] only some physical act which imposes an obstacle which may impede, hinder, interrupt, prevent, or delay the performance of the officer's duties . . . ." People v. Martinez, 717 N.E.2d 535, 538 (Ill. Ct. App. 5th Dist. 1999).

The court of appeals affirmed and stated that City of Houston v. Hill was of no help to the attorney because the attorney's "interference with a traffic stop on the side of a busy interstate was not the proper time, place, or manner for an officer of the court to register disagreement with the traffic stop." Id. at 656.

The Plaintiff would have one believe that this case is about nothing more than mere verbal communication with the officers. The Plaintiff conveniently ignores that he walked to within less than an arm's length of police officers who were conducting an arrest. This is a potentially dangerous situation for all involved. An arrestee may be volatile and an officer's attention should not be distracted. It is clear from the video that the officers had to avert their attention from the arrestee to deal with the Plaintiff's presence in the zone of the arrest. It is clear from the evidence available at this stage of the litigation that the Plaintiff interfered, verbally and physically, with an ongoing arrest.[6] See Smith v. McCluskey, 126 Fed. Appx. 89 (4th Cir. 2005) (denying plaintiff's First Amendment claim that he was unconstitutionally charged for disorderly conduct solely on basis of verbal opposition to arrest; the decision to arrest "was made on the basis of facts and circumstances independent of any expression protected by the First Amendment").

To the extent the ordinance was applied because Plaintiff touched or grabbed one of the officers during the encounter, even slightly for just a quick moment, the ordinance was not unconstitutionally applied. The officers were dealing with a potentially volatile situation – arresting a non-complying, drunken suspect on a crowded public sidewalk. Any distraction or interference could have fatal consequences. As soon as an officer is

---

[6] The Plaintiff admits that he was arrested based on his "conduct **and** speech." (Plaintiff's Complaint, ¶ 52) (emphasis added).

touched that officer must address the touching. This interrupts the officer from the dangerous task of the arrest. If the touching is ignored it could escalate to more severe physical contact. An officer should not have to deal with being touched or grabbed during an arrest of another individual. See People v. Martinez, 717 N.E.2d 535 (Ill. Ct. App. 5th Dist. 1999) (stating than a defendant commits the offense of obstructing an officer where the "defendant's actions of stepping in between [the officer] and the people that he was attempting to question actually impeded, hindered, interrupted, and delayed the performance of [the officer's] duties").

The City's ordinance is not unconstitutional as applied to the Plaintiff. The Plaintiff has not made a clear showing that he is likely to succeed on the merits on this claim.

**B)    The Plaintiff has not made a clear showing of irreparable harm.**

The Plaintiff summarily asserts in the memorandum in support of his motion that "[c]hilling speech constitutes irreparable injury" and that he will "suffer continued infringement of his constitutional rights." In other words, the Plaintiff attempts to assert that his irreparable injury is in the form of some "chilling effect." However, the Plaintiff does not assert any facts in his memorandum to support any chilling effect or why he will suffer "continued infringement" of his rights. Likewise, in his Complaint, the Plaintiff has not alleged any irreparable injury or chilling effect or in what manner the subject ordinance has caused any chilling effect. The Plaintiff has not alleged that he has been thwarted in any manner from returning to Five Points in the early morning hours to protest arrests. The Plaintiff does not allege an irreparable injury, but simply alleges that

he was arrested. Therefore, the Plaintiff's Complaint does not state facts sufficient to constitute a claim for injunctive relief.

The Plaintiff's case is not necessarily a First Amendment case. The Complaint simply alleges that the Plaintiff was arrested for speech that did not constitute a violation of section 10-34(b). Therefore, to the extent, if any, that the Plaintiff alleges an irreparable injury, it is not a First Amendment violation but a violation of the Fourth Amendment right to be free from unreasonable seizures. See Lowe v. Spears, 258 Fed. Appx. 568 (4th Cir. 2007) (stating that if there is an allegation of an arrest made on the basis of the exercise of First Amendment rights, the court must analyze whether the arrest was made without probable cause, thus invoking the Fourth Amendment). To this extent, the Plaintiff has not suffered an irreparable injury. A single, alleged violation of the Fourth Amendment does not constitute irreparable injury for purposes of granting injunctive relief. See Younger, 401 U.S. at 46 (stating that having to defend against a single criminal prosecution cannot be considered irreparable).

In any event, "[t]he existence of a 'chilling effect,' even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action" and "even irreparable injury is insufficient unless it is 'both great and immediate.'" Younger, 401 U.S. at 46, 51.[7] The irreparable injury alleged by the Plaintiff is neither.

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must

---

[7] The plaintiff in Younger alleged that his prosecution and the presence of a California statute inhibited his right of free speech. Younger, 401 U.S. at 39.

11

>    be one that cannot be eliminated by his defense against a
>    single criminal prosecution.

Id.

The Plaintiff cites Johnson v. Bergland, 586 F.2d 993 (4th Cir. 1978), as support for irreparable injury. Johnson does not support the proposition that a single misdemeanor arrest constitutes irreparable injury. In Johnson, the plaintiff had been removed from a job for political reasons and was dealing with an ongoing deprivation of rights unless his job was reinstated. If an injunction was not granted, the job position would have been filled and the plaintiff would have had no recourse to be reinstated. Id. at 995.

The Plaintiff has not made a clear showing that he is likely to suffer irreparable harm.

**C)    The Plaintiff has failed to make a clear showing that the balance of equities tips in his favor.**

Equity follows the law. The law dictates that this matter be dismissed based on the Younger doctrine. The Plaintiff is attempting to create a remedy in violation of law. Equity should not create a remedy in violation of law. See Indigo Realty Co. v. City of Charleston, 281 S.C. 234, 314 S.E.2d 601 (1984).

Equity should not allow the invocation of federal court jurisdiction where a remedy is readily obtainable in state court. "It has long been held that state courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law." Stone v. Powell, 428 U.S. 465, 494 n.35 (1976). The Plaintiff has not asserted any reason why this function cannot be performed by the state courts.

**D)     The Plaintiff has failed to make a clear showing that an injunction is in the public interest.**

The Plaintiff summarily concludes that an injunction is in the public interest. However, the Plaintiff does not provide any reasons that the public interest would be served by enjoining the enforcement of a validly enacted City ordinance.

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982). The ordinance at issue "is intended primarily to further the public's interest in law enforcement." Hill, 482 U.S. at 480 (Powell, J., concurring). A similar statute, making unlawful conduct that "obstructs the performance" of a police officer, "furthers the legitimate state interest in protecting peace officers, preventing frustration of the valid enforcement of the law, and promoting orderly and peaceful resolution of disputes." Landry v. Daley, 280 F.Supp. 938, 959 (Ill. Dist. Ct. 1968), rev'd on other grounds sub nom. Boyle v. Landry, 401 U.S. 77 (1971).

The public consequences of enjoining the enforcement of the subject ordinance would be severe. Surely the ordinance at issue covers conduct not protected by the First Amendment. The public interest would be injured in that the police would be without the ability to charge for violations of the ordinance that are not protected speech.

## CONCLUSION

For the reasons stated herein, the City respectfully requests this Honorable Court to dismiss the Plaintiff's Complaint and the Plaintiff's Motion for Preliminary Injunction. In the alternative, the City respectfully requests that this Honorable Court deny the Plaintiff's Motion for Preliminary Injunction.

**[Signature appears on next page]**

                                      **s/ Peter M. Balthazor**
                                      PETER M. BALTHAZOR, Fed ID #9236
                                      Office of the City Attorney
                                      Post Office Box 667
                                      Columbia, South Carolina 29202
                                      Telephone (803) 737-4242
                                      Facsimile (803) 737-4250
                                      Attorneys for Defendant City of Columbia

March 1, 2010
Columbia, South Carolina