IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JONATHAN DAVID MCCOY, | ) Civil Action No. 3:10-132-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF COLUMBIA; | ) **REPORT AND RECOMMENDATION** |
| CITY OF COLUMBIA POLICE DEPARTMENT; | ) |
| JOHN K. PASSMORE; | ) |
| JAMES HEYWOOD; AND | ) |
| AMANDA H. LONG, ALL IN THEIR | ) |
| INDIVIDUAL AND OFFICIAL CAPACITIES, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| _____ | ) |

Plaintiff, Jonathan David McCoy ("McCoy") filed this action on January 19, 2010. He filed an amended complaint on July 30, 2010. Defendants are the City of Columbia (the "City"), City of Columbia Police Department ("CPD"), and CPD law enforcement officers John K. Passmore ("Passmore"), James Heywood ("Heywood"), and Amanda H. Long ("Long").

On October 16, 2009, Plaintiff was arrested by CPD law enforcement officers. He was charged with violating City of Columbia Municipal Ordinance Section 10-34(b) for "interfering with a police officer." This charge was nolle prossed on approximately May 20, 2010. See Doc. 23 and Amended Complaint. In his amended complaint, Plaintiff alleges claims under 42 U.S.C. § 1983 for violations of his First, Fourth, and Fourteenth Amendment rights; seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.; and appears to allege claims

under South Carolina law for malicious prosecution, false imprisonment, assault, battery, and negligence.[1] He seeks declaratory and injunctive relief, as well as monetary damages.

On February 11, 2010, Defendants CPD and the City filed an answer. They also filed a motion to dismiss or in the alternative to strike and make more definite and certain. Defendants Passmore, Heywood, and Long have not filed an answer in this action.[2] McCoy filed responses to the motion to dismiss/strike on March 1, and CPD and the City filed a reply on March 11, 2010. McCoy filed an additional response on May 20; CPD and the City filed an additional reply on June 1; and Defendants Heywood, Long, and Passmore filed a reply on May 21, 2010.

## MOTION FOR PRELIMINARY INJUNCTION

On February 12, 2010, McCoy filed a motion for a preliminary injunction. He appears to request that the Court enjoin the City of Columbia from prosecuting him on the charge of interfering with a police officer. As noted above, this charge has been nolle prossed. In his supplemental memorandum in opposition to the motion to dismiss, Plaintiff concedes that his motion for a preliminary injunction is now moot.[3] Defendants the City and CPD also agree that the motion for preliminary injunction is now moot. See Doc. 25. It is, therefore, recommended that Plaintiff's motion for injunctive relief be denied as moot.

---

[1] Pretrial matters in this case appear to have been referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

[2] On July 29, 2010, the time for these Defendants to file their answer was extended until twenty days after the Court rules on the motion to dismiss. See Doc. 29.

[3] He has not, however, withdrawn his motion.

2

# MOTION TO DISMISS OR IN THE ALTERNATIVE TO STRIKE AND MAKE MORE DEFINITE AND CERTAIN

Defendants, the City and CPD, argue that their motion to dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a cause of action. These Defendants, citing <u>Younger v. Harris</u>, 401 U.S. 37 (1971), also argue that they were entitled to dismissal because the federal courts may not enjoin pending state court criminal proceedings. In the alternative, they argue that certain paragraphs of the complaint should be stricken pursuant to Rule 12(f)[4] because the allegations are immaterial, scandalous, irrelevant, and unnecessary; cite to state case law; allege a conclusion of law as a statement of fact; and/or are redundant.[5]

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. <u>Ostrzenski v. Seigel</u>, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

---

[4]Rule 12(f) provides:
The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.
The court may act:
    (1)    on its own; or
    (2)    on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.
Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." <u>Waste Management Holdings, Inc. v. Gilmore</u>, 252 F.3d 316, 347 (4th Cir.2001) (quotation omitted). Accordingly, "[m]otions to strike are viewed with disfavor and are granted only for egregious violations. Thus, before a motion to strike will be granted, the allegations must be the type envisioned by the rule and prejudicial." <u>Brown v. Institute for Family Centered Services, Inc.</u>, 394 F.Supp.2d 724, 727 (M.D.N.C.2005) (citation omitted).

[5]They also argue that subparagraph (h) of the prayer of the complaint should be stricken because it seeks to "somehow override Rule 15, FRCP, and preserve the right to amend his complaint." The amended complaint, however, does not contain this subparagraph.

claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' "Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

Plaintiff argues that based on the filing of his amended complaint, the original complaint is replaced, such that the motion to dismiss is rendered moot. Defendants, CPD and the City, argue that the motion is not moot because Plaintiff asserts many of the same facts and asserts two of the same causes of action in his amended complaint.[6]

Plaintiff has filed an amended complaint. Although there are similarities in the original and amended complaint, the amended complaint adds additional facts and claims and has changes to some of the paragraphs from the original complaint. It is recommended that the motion to dismiss or in the alternative to strike and make more definite and certain be denied as moot based on the filing of the amended complaint. See Standard Chlorine of Delaware, Inc. v. Sinibaldi, 821 F. Supp. 232, 239-40 (D.Del. 1992)(holding that the plaintiff's filing of an amended complaint rendered the defendants' motion to dismiss the original complaint moot); see also Pure Country, Inc. v. Sigma Chi

---

[6]Defendants Passmore, Heywood, and Long (who, as noted above, have not filed an answer in this action) also argue that the motion to dismiss is not moot Additionally, they assert arguments which do not appear to be properly before the court as they were not included in the motion to dismiss of Defendants CPD and the City.

4

Fraternity, 312 F.3d 952, 956 (8th Cir. 2002)(holding that the court should rule on a motion for leave to amend a complaint before deciding a motion to dismiss that same complaint because allowing leave to amend renders the motion to dismiss moot); Gray v. The Talking Phone Book, No. 8:08-CV-01833-GRA, 2008 WL 5050625 (D.S.C. Nov. 20, 2008)(finding that the motion seeking to dismiss the original complaint was moot and construing defendant's reply memorandum of law as a motion to dismiss the second complaint). Defendants, if they wish to file a motion to dismiss, may do so in a motion which specifically addresses the amended complaint.

Alternatively, it is recommended that the motion to dismiss be denied because, in the light most favorable to Plaintiff, he has stated a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 129 S.Ct. at 1949. In their June 1, 2010 response, Defendants City of Columbia and CPD concede that their motion to dismiss based on the Younger abstention doctrine is now moot. See Doc. 25. In his amended complaint, Plaintiff has asserted causes of action not addressed by the motion to dismiss. Defendants, CPD and the City, ask that the first two causes of action be dismissed pursuant to 12(b)(6), but merely state that these claims fail to state facts sufficient to constitute a cause of action and argue that Plaintiff fails to articulate a violation of a specific constitutional right as to his first cause of action. See Doc. 10, Paras. 10 and 12. Review of the amended complaint, however, reveals that Plaintiff asserted that he was arrested without probable cause and through an unreasonable and warrantless arrest in violation of the Fourth Amendment. Defendants CPD and the City also argue that claims against the individual Defendants in their official capacities are redundant to claims against the City, CPD is not amenable to suit, and naming CPD is redundant to naming the City. No authority for these assertions, however, has been offered.

## **CONCLUSION**

Based on the foregoing, it is recommended that Plaintiff's motion for a preliminary injunction (Doc. 12) be denied as moot. It is also recommended that the motion of Defendants CPD and the City to dismiss or in the alternative to strike and make more definite and certain (Doc. 10) be denied as moot.

Joseph R. McCrorey
United States Magistrate Judge

August 2, 2010
Columbia, South Carolina