IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jonathan David McCoy, | ) | C/A No.: 3:10-132-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| City of Columbia; City of Columbia Police Department; John K. Passmore; James Heywood; and Amanda H. Long, all in their individual and official capacities, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Jonathan David McCoy seeks to recover damages pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights by Defendants City of Columbia; City of Columbia Police Department; John K. Passmore; James Heywood; and Amanda H. Long. This matter is before the Court for review of the Magistrate Judge's report and recommendation (the "Report") on Plaintiff's motion for preliminary injunction (ECF No. 12) and Defendants' motion to dismiss or in the alternative strike and make more definite and certain (ECF No. 10), made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal

> conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). The Defendants have lodged various objections to the Report; the Court's review of the same follows below.

The Magistrate Judge found each of the parties' motions moot. Specifically, the Report found that because the pending criminal charge against Plaintiff has been nolle prossed, there is no criminal prosecution to enjoin. Also, the Report concluded that because complaint at which the Defendants' motions is directed has now been amended, those motions are now moot. In the alternative, the Report recommends that the motion to dismiss for failure to state a claim be denied because Plaintiff has stated a claim and Defendants have offered no authority for the positions they seek to advance.

The Defendants appear to object to (1) the Report's failure to address its alternative motion to strike or make more certain; and (2) the recommendation of the Report insofar as it touches on the merits of the motion to dismiss. However, because "[a]s a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect," Young v. City of Mount Rainer, 238 F.3d 567, 572 (4th Cir.2001), the Court finds that the Defendants' motion to dismiss, strike, or make more definite is moot. See Ohio River Vally Env. Coalition, Inc. v. Timmermeyer, No. 01-2298, 2003 WL 21259832, at *3 (4th Cir. June

2, 2003) (finding that once an amended pleading is interposed, the original complaint "no longer performs any function in the case"). A new motion to dismiss is required should a defendant seek to challenge an amended complaint.

Because the Court finds that the amended complaint superceded the original complaint and rendered any attack upon it moot, the Court hereby overrules Defendants' objections, and adopts the Report insofar as it finds that the motion to dismiss is moot. (ECF No. 10.) The Court declines to adopt the alternative recommendation of the Report that finds that Plaintiff has properly stated a claim—the original complaint is no longer of any significance to the case and its contents are not properly before the Court. Also, the Court adopts the Report's recommendation to deny Plaintiff's motion for preliminary injunction (ECF No. 12)—there being no specific objection to the Report's finding of mootness. In closing, the Court notes that the Defendants have already filed a new motion to dismiss directed at the operative complaint.

IT IS SO ORDERED.

August 31, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge