IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jonathan David McCoy, | CIVIL ACTION №: 3:10-cv-00132-JFA-JRM |
| Plaintiff, | |
| v. | |
| City of Columbia, City of Columbia Police Department, John K. Passmore, James Heywood, and Amanda H. Long, all in their individual and official capacities, | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND/OR STRIKE AMENDED COMPLAINT** |
| Defendants. | |

Plaintiff Jonathan David McCoy submits this Memorandum in Opposition to Defendants City of Columbia and City of Columbia Police Department's ("City") Motion to Dismiss and/or Strike Plaintiff's Amended Complaint [Dkt # 36].

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a challenged pleading, but it does not resolve disputes surrounding the facts or the merits of a claim. Republican Party of N.C. v. Martin, 980 F .2d 943, 952 (4th Cir. 1992). A court must determine only if the pleading at issue fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The key issue is not whether the plaintiff will prevail on his claim, but whether he is entitled to offer evidence in support of the claim. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). A court should dismiss a case on Rule 12(b)(6) grounds "only in very limited circumstances," Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989), specifically, only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss under Rule 12(b)(6), the pleading must be liberally construed in the light most favorable to the non-moving party, and the allegations made therein must be taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim." Luian v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

The City has also moved to strike portions of the Amended Complaint. "Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." Wright and Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed. 2010). "[A] motion to strike on the basis of irrelevancy should only be granted when it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material may prejudice the other party." Simaan, Inc. v. BP Prods. N. Am., Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005). "If any doubt exists the motion should be denied, any doubts being resolved in favor of the pleading." 35A C.J.S. Federal Civil Procedure § 495 (2010).

## LAW/ANALYSIS

The City presents nine (9) separate grounds for relief under Fed. R. Civ. P. 12. The City does not argue that Plaintiff has failed to state a proper cause of action for violations of 28 U.S.C. § 1983 or common law torts of malicious prosecution, false imprisonment, assault and battery, and negligence. Instead, the City's motion is based on grounds that are largely inconsequential, have no effect, and are duplicative of their previous Motion to Dismiss. Plaintiff would further show this Motion is largely designed for its dilatory effect in delaying

discovery.  It should be noted that this case was filed in January 2010.  Now, eight months later, a scheduling order has not been entered and discovery has not commenced due to these duplicative motions.

Nevertheless, McCoy will address those grounds in the same order as presented by the City, as follows:

1. Paragraphs 13 and 14 provide a necessary statement of background facts relevant to this dispute.  The allegations are relevant to issues of probable cause and describe how the Defendants' sworn statement, attached as Exhibit D to the Amended Complaint, is wholly contradicted by the video surveillance evidence, attached as Exhibit A to the Amended Complaint.  Thus, striking these allegations from the pleadings should not be granted.

2. Paragraphs 24 and 25 allege that, upon information and belief, if Defendants were following proper procedures in responding to the scene of an alleged incident, the officers should have activated their blue lights.  The statements attested to in the Amended Complaint would have been captured on video if the Officers would have followed proper procedures.  In addition, there is no evidence in the record to support the City's contention that cameras cannot be activated without blue lights being turned on.  Thus, striking these allegations from the pleadings should not be granted.

3. Paragraphs 28, 29, 30, 31, 33, 34, 35, and 36 further support McCoy's claims for damages and the malice and wrongful acts of these Defendants.  These allegations are not "irrelevant, unnecessary, immaterial, and scandalous."  Thus, striking these allegations from the pleadings should not be granted.

4. Paragraph 38 provides a necessary statement of background facts relevant to this dispute.  The allegations are relevant to issues of probable cause and describe how the

Defendants' sworn statement, attached as Exhibit D to the Amended Complaint, is wholly contradicted by the video surveillance evidence, attached as Exhibit A to the Amended Complaint. Thus, striking these allegations from the pleadings should not be granted.

5.     Paragraphs 44, 45, 46, 47, 48, and 49 allege the constitutional underpinnings relevant to this case and constitute "a short and plain statement of the claim showing that the pleading is entitled to relief" as required under Rule 8(a)(2), Fed. R. Civ. P. The complaint is well pled both factually and legally. These paragraphs place Defendants on clear notice of the theories of liability asserted against them. Thus, striking these paragraphs from the pleadings should not be granted.

6.     Paragraph 59 does not allege a conclusion of law but rather alleges that Defendants knew or should have known that Ordinance Section 10-34(b) is unconstitutional based on the preceding factual allegations. Thus, striking this paragraph from the Amended Complaint is unnecessary and should not be granted.

7.     Paragraph 7 of the Complaint should not be struck to the extent it relies on the Constitution of the State of South Carolina. This court inevitably has supplemental jurisdiction for any state law claims.

8.     Defendants can be sued in their "official capacities" for violations of 42 U.S.C. § 1983. The Supreme Court has held that plaintiffs may file suit against both a municipality and its agents in both their official and individual capacities under § 1983. See Owen v. City of Independence, 445 U.S. 622 (1980); Monell v. Department of Social Servs., 436 U.S. 658 (1978). Therefore, this Court should not dismiss Plaintiff's claims against these defendants in their official capacity as a matter of law.

9. The City of Columbia Police Department is identified as an "agency and/or division of the City of Columbia" and not as a separate and distinct entity. (Am. Compl. ¶ 3). Plaintiff does not deem the police department to be a separate entity or improperly named. To the extent this Court deems the City of Columbia Police Department to be redundant of Defendant City of Columbia, striking references in the Amended Complaint to the police department is unnecessary.

## CONCLUSION

For these reasons, the City's Motion to Dismiss and/or Strike Plaintiff's Amended Complaint [Dkt # 36] should be denied.

                                    Respectfully submitted,

                                    COLLINS & LACY, P.C.


                              By:   s/    Robert F. Goings
                                    ROBERT F. GOINGS, ESQUIRE
                                    Federal I.D. No. 9838
                                    rgoings@collinsandlacy.com
                                    JOEL W. COLLINS, JR., ESQUIRE
                                    Federal I.D. No. 224
                                    jcollins@collinsandlacy.com
                                    1330 Lady Street, Sixth Floor (29201)
                                    Post Office Box 12487
                                    Columbia, South Carolina 29211
                                    (803) 256-2660
                                    (803) 771-4484 (f)

Columbia, South Carolina

September 1, 2010

5

# CERTIFICATE OF SERVICE

This is to certify that on this 1st day of September, 2010, a true and correct copy of PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND/OR STRIKE AMENDED COMPLAINT is being electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

**COUNSEL SERVED:**
Peter Balthazor, Esquire
Assistant City Attorney
City of Columbia
P.O. Box 667
Columbia, SC 29202

*Attorneys for Defendant City of Columbia*
*and City of Columbia Police Department*


Matthew B. Rosbrugh, Esquire
William H. Davidson, II, Esquire
Davidson & Lindemann, P.A.
1611 Devonshire Drive, Second Floor
P.O. Box 8568
Columbia, South Carolina 29202
*Attorneys for Defendants John K. Passmore,*
*James Heywood, and Amanda H. Long*


                                                                s/ Robert F. Goings