IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JONATHAN DAVID MCCOY, | ) Civil Action No. 3:10-132-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF COLUMBIA; | ) |
| CITY OF COLUMBIA POLICE DEPARTMENT; | ) **REPORT AND RECOMMENDATION** |
| JOHN K. PASSMORE; | ) |
| JAMES HEYWOOD; AND | ) |
| AMANDA H. LONG, ALL IN THEIR | ) |
| INDIVIDUAL AND OFFICIAL CAPACITIES, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| _____ | ) |

Plaintiff, Jonathan David McCoy ("McCoy") filed this action on January 19, 2010. He filed an amended complaint on July 30, 2010. Defendants are the City of Columbia (the "City"), the City of Columbia Police Department ("CPD"), and CPD law enforcement officers John K. Passmore ("Passmore"), James Heywood ("Heywood"), and Amanda H. Long ("Long"). On August 27, 2010, Defendants the City and CPD filed a partial motion to dismiss the amended complaint and/or a motion to strike portions of the amended complaint. Later the same day, they filed an answer. Plaintiff filed a response on September 1, 2010. Defendants Heywood, Long, and Passmore filed answers on September 20, 2010. On September 24, 2010, Dr. Marie Assa'ad-Faltas ("Faltas") filed a pro se motion to intervene, to certify a class, and for injunctive relief. Plaintiff filed a reply on October 25, 2010. Faltas filed an amended motion to intervene with a revised complaint on October

26, 2010. Defendants filed a response on November 18, 2010, and Faltas filed a reply on November 19, 2010.

On October 16, 2009, Plaintiff and his friend, Allen Keith McAlister, Jr. ("McAlister"), were socializing at an establishment known as Red Hot Tomatoes on Harden Street in the Five Points District of Columbia, South Carolina. McAlister, who allegedly disputed several charges placed on his food and beverage tab, was arrested by Columbia Police officers on a charges of refusal to leave and resisting arrest. Plaintiff, an attorney, claims he approached the officers to inquire about the nature of McAlister's arrest, to determine the location of McAlister's booking, and to advise McAlister of the right to remain silent. Plaintiff was arrested by CPD law enforcement officers. He was charged with violating City of Columbia Municipal Ordinance Section 10-34(b) for "interfering with a police officer." This charge was nolle prossed on approximately May 20, 2010. See Doc. 23 and Amended Complaint. In his amended complaint, Plaintiff alleges claims under 42 U.S.C. § 1983 ("§ 1983") for violations of his First, Fourth, and Fourteenth Amendment rights; seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.; and appears to allege claims under South Carolina law for malicious prosecution, false imprisonment, assault, battery, negligence, and violations of the Constitution of the State of South Carolina.[1] He seeks declaratory and injunctive relief, as well as monetary damages.

### MOTIONS TO INTERVENE/CLASS ACTION/INJUNCTIVE RELIEF

Faltas appears to argue that she should be allowed to intervene in this action because she allegedly suffered from wrongdoing by the City, CPD, and officers that was similar to that claimed

---

[1]Pretrial matters in this case appear to have been referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2) DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

by the Plaintiff in this action. She appears to request that a class action be certified concerning immigrants, like her, who have been subjected to wrongdoings by the City, CPD, and officers. Plaintiff, in a response filed October 25, 2010, argues that the motion to intervene should be denied because Faltas' allegations are not based on the same transaction and occurrence; she has no legal interest in the subject matter of Plaintiff's allegations; and allowing intervention would result in delay, confusion of the issues, overshadowing of the original complaint, and prejudice in the adjudication of the causes of action set forth in Plaintiff's amended complaint. Defendants, in a response filed November 18, 2010, contend that the motion to intervene should be denied because Faltas' proposed addition of over fifty additional defendants would unnecessarily increase the complexity of this litigation, would substantially delay the adjudication of Plaintiff's claim, would necessitate the expenditures of additional monies in discovery not pertinent to the initial issues set forth by Plaintiff, and would expose Defendants to exponentially higher fees for discovery and for witnesses not pertinent to their involvement or the events that are the genesis of this litigation. They also argue that Plaintiff has ongoing litigation in the Richland County Court of Common Pleas involving the same, or substantially the same, issues and parties. Defendants contend that allowing a class action is inappropriate as Faltas is proceeding pro se and is not legally capable of representing the interests of any other litigant in this action.

>Rule 24 provides:
>
>(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>> (1) is given an unconditional right to intervene by a federal statute; or
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
>(b) Permissive Intervention.

> (1) In General. On timely motion, the court may permit anyone to intervene who:
>> (A) is given a conditional right to intervene by a federal statute; or
>> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> ***
>
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.
>
> (c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Fed. R. Civ. P. 24.

It is recommended that Faltas' motion and amended motion to intervene be denied. She has not met the intervention of right requirements of Rule 24(a) as she has not identified any statute under which she has a right to intervene and has not shown that she has a claim relating to property or a transaction that is the subject of this action. Thus, the question is whether she should be permitted to intervene pursuant to Rule 24(b). Faltas has not shown that she has a conditional right to intervene by a federal statute. The facts involved in her claims differ from the facts alleged in Plaintiff's amended complaint. Although there may be some similar questions of law involved in Faltas' claims and Plaintiff's claims, Faltas has asserted additional questions of law. Plaintiff's action involves an alleged violations of his federal constitutional rights and state law claims involving one series of incidents with the City, CPD, and three CPD police officers. Faltas' claims concern numerous incidents and additional proposed defendants (including other police officers and City of Columbia officials, lawyers, State of South Carolina employees, federal employees, and numerous private parties). Allowing Faltas to intervene would require additional discovery thus delaying the adjudication of this action and prejudicing the parties. Further, Faltas has a lawsuit

pending in the Richland County Court of Common Pleas which involves the same, or substantially the same, issues and parties as set forth within her motions to intervene. As it is recommended that the motions to intervene be denied, it is not necessary to reach the questions of whether the proposed intervention should be certified as a class action or if Faltas is entitled to preliminary injunctive relief.

## **MOTION TO DISMISS AND/OR TO STRIKE**

Defendants the City and CPD argue that certain paragraphs of Plaintiff's amended complaint should be stricken; Plaintiff's First Cause of Action should be dismissed or stricken to the extent that it is brought against the individual Defendants in their official capacities; and CPD should be dismissed as a defendant in this matter. Plaintiff contends that the motion should be denied and asserts that this motion was filed as a dilatory tactic to delay discovery.

**A.** **Motion to Strike**

Rule 12 provides:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
    (1) on its own; or
    (2) on motion made by a party either before responding to the pleading or, if
a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). When presented with a motion to strike, "the court must view the pleading under attack in a light most favorable to the pleader." Clark v. Milam, 152 F.R.D. 66, 71 (S.D.W.Va. 1993).

"[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Buser v. Southern Food Serv., 73 F.Supp.2d 556, 559 (M.D.N.C.1999), citing Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983). Motions to strike, however, "are generally

5

viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted).

It is recommended that the motion to strike be denied for the reasons discussed below. Additionally, although the City and CPD may have shown that certain of the paragraphs in question contain irrelevant and/or immaterial material, they have not shown prejudice at this time. See Simaan, Inc. v. BP Products North America, Inc., 395 F.Supp.2d 271, 278 (M.D.N.C. 2005) ("motion to strike on basis of irrelevancy should only be granted when it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material may prejudice the other party); N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C., 200 F. Supp.2d 551, 554 (E.D.N.C. 2001)(matter will not be stricken on the basis of immateriality unless it is clear that it will have no possible bearing upon the subject matter of the litigation); Steuart Inv. Co. v. Bauer Dredging Constr. Co., 323 F. Supp. 907, 909 (D.Md.1971)("A motion to strike ... will be denied unless the allegations attacked have no possible relation to the controversy and may prejudice the other party."); Tivoli Realty v. Paramount Pictures, 80 F.Supp. 800, 803 (D.C.Del. 1948)("Motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party.").

      1.    <u>Paragraphs 13 and 14</u>

The City and CPD claim these paragraphs should be stricken because they refer to a person other than Plaintiff, are not relevant to Plaintiff, and allege immaterial and scandalous

matters.² Plaintiff argues that these paragraphs provide necessary background facts, are relevant to the issues of probable cause, and show how a defendant's sworn statement is contradicted by video surveillance evidence.

These paragraphs contain facts which describe events leading up to the arrest of Plaintiff. Although they concern incidents with Allen McAlister, Jr. ("McAlister"), it appears these incidents are related to those alleged by Plaintiff.

### 2. Paragraphs 24 and 25

The City Defendants argue that these statements should be stricken as immaterial and scandalous because they allege the City destroyed evidence when there is nothing to support such allegation.³ Plaintiff argues that he will show that Defendants either intentionally destroyed the video

---

²In the paragraphs in question, Plaintiff alleges:
13. McAlister was arrested for "Refusal to Leave" Red Hot Tomatoes, pursuant to S.C. Code Ann. § 16-11-6201, and Resisting Arrest pursuant to City of Columbia Municipal Ordinance § 10-34(a). Upon information and belief, Defendants charged McAlister for Resisting Arrest based on a policy and common practice of the City of Columbia Police Department to also arrest individuals for Resisting Arrest for "liability purposes" in matters where their officers wrongfully apply excessive force.
14. This arrest occurred on a public sidewalk outside of Sharky's Restaurant, a separate and distinct business establishment from Red Hot Tomatoes, and approximately seventy (70) feet away from the front entrance to Red Hot Tomatoes.
Amended Complaint (Doc. 30) at 3-4.

³Plaintiff alleges:
24. Upon information and belief, some or all of the statements, as referenced in paragraphs 21-23 above, should have been recorded by the dashboard camera video equipment located inside the Defendants' patrol vehicle pursuant to policies and procedures of the City of Columbia Police Department. However, Defendants now claim that no video recording of this incident exists. A true and accurate copy of a letter from Defendant City of Columbia dated December 4, 2009 is attached hereto as <u>Exhibit B</u>.
25. Upon information and belief, McCoy will show Defendants either intentionally destroyed this vehicle dashboard camera evidence or they violated their own policies
(continued...)

from the patrol car's dashboard cameras or show that events would have been captured on video if the officers followed proper procedures. These paragraphs appear to contain facts which are in dispute and should not be stricken at this time.

       3.     <u>Paragraphs 28, 29, 30, 31, 33, 34, 35, and 36</u>

The City and CPD claim that these allegations should be stricken as irrelevant, unnecessary, immaterial, and scandalous because they refer to the schedule of bond hearings and to incidents that occurred during the time Plaintiff spent in jail prior to the bond hearing.[4] Plaintiff

---

[3](...continued)
and procedures for failing to operate and maintain their cameras in discharging their duties.

Amended Complaint at 5-6.

[4]Plaintiff alleges:

28. While McCoy and McAlister remained in confinement, Defendants failed and refused to properly and timely deliver required arrest information and booking documentation to the Alvin Glenn Detention Center. As a result, McCoy and McAlister were transported to and assigned a cell in the general population ward of the Alvin Glenn Detention Center with violent and hardened criminals. While being escorted to the ward, McCoy asked the officer if there was a "non-violent unit." The escorting officer said "no, everybody is violent where you are going; don't let them see you scared."

29. Due to the willful failure of the Defendants to turn in the paperwork, McCoy and McAlister were prevented from appearing at any of the two scheduled bond hearings set for October 17, 2009.

30. While confined after the scheduled bond hearings, McCoy witnessed an adjacent cellmate violently commit the act of suicide by hanging himself with rope from the sink and towel holder of the cell. Due to the cell bars, McCoy was unable to prevent this cellmate from dying.

31. Eventually, McAlister was allowed to place a collect call from Alvin Glenn Detention Center to his parents to advise that he and McCoy had been arrested and were not afforded a bond hearing.

*****

33. Upon information and belief, Municipal Judge Turner for the City of Columbia was contacted and advised that McCoy and McAlister were not afforded a bond hearing due to Defendants' failure to timely and properly deliver arrest

(continued...)

8

argues that these paragraphs contain information that supports his claims for damages and the malice and wrongful acts of Defendants. It is recommended that these paragraphs not be stricken as they contain facts relating to Plaintiff's claims including the claim for false imprisonment.

    4.    <u>Paragraph 38</u>

The City and CPD contend that this paragraph should be stricken because it refers to the arrest of an individual other than Plaintiff.[5] Plaintiff argues that these allegations are relevant to issues of probable cause and describe how a defendant's statement is contradicted by the video

---

[4](...continued)
documentation to Alvin Glenn Detention Center.
34. On or after 7:00 p.m. of October 17, 2009, Municipal Judge Turner appeared at the Alvin Glenn Detention Center to conduct an unscheduled emergency bond hearing for McCoy and McAlister.
35. McCoy and McAlister were released on personal recognizance bonds. During the hearing, Municipal Judge Turner stated, "Mr. McCoy, I do not have a schedule fee for interference or even have it in my code book, so I'll just set your bond at $450.00," or words to that effect.
36. On or about October 21, 2009, at McCoy's initial appearance, McCoy thanked Judge Turner for coming down to the jail on a Saturday night and she stated, "I'm so sorry. You would have never had to be in jail that long or had to see someone commit suicide if the Officers would have turned in the paperwork on time," and "I'm sure we will all hear more about this," or words to that effect.
Amended Complaint at 6-8.

[5]Plaintiff alleges:
38. In the Incident Report, Defendants Passmore, Heywood, and Long falsely and maliciously wrote that McAlister "came back [to Red Hot Tomatoes]….at that time [McAlister] was advised he was under arrest for Refusal to Leave" and "when [Officers] attempted to place [McAlister] into handcuffs he snatched his arms away and started pushing the Officers away from him. Two other Officers had to help subdue [McAlister] to the ground to gain control of him." Furthermore, Officers falsely claimed McCoy "grabbed an Officer by the arm" and got in an "[Officer's] face."
Amended Complaint at 8.

9

surveillance evidence. As noted above, the incidents involving McAlister appear to be related to those concerning Plaintiff and should not be stricken at this time.

        5.        Paragraphs 44, 45, 46, 47, 48, and 49

The City and CPD argue that these paragraphs should be stricken because they simply state case law concerning general First Amendment doctrine and do not state facts to support Plaintiff's claims.[6] They argue that this material is unnecessary and immaterial and does not comply with the requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff argues that these paragraphs place Defendants on clear notice of the theories of liability asserted against them. Although case law is

---

[6]Plaintiff alleges:
44. "The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers" because "[t]he Constitution does not allow such speech to be made a crime. The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principle characteristics by which we distinguish a free nation from a police state." City of Houston, Texas v. Hill, 482 U.S. 451, 461-63 (1987).
45. "A properly trained officer may reasonably be expected to exercise a higher degree of restraint than the average citizen, and thus be less likely to respond belligerently to 'fighting words.'" Id.
46. "Arresting a person solely based on speech that questions or opposes police action violates the First Amendment." Lowe v. Spears, 258 Fed. Appx. 568 (4th Cir. 2007).
47. The Due Process Clause of the Fourteenth Amendment states that no State shall "deprive any person of life, liberty, or property, without due process of law…." U.S. Const. Amend. XIV, § 1.
48. The Supreme Court has long held that unclear laws should be found unconstitutional since they deny due process. Grayned v. City of Rockford, 408 U.S. 104, 108 (1972).
49. The Supreme Court has held that a person of ordinary intelligence must be able to reasonably understand what conduct is prohibited. Kolender v. Lawson, 461 U.S. 352, 357 (1983).
Amended Complaint at 10.

generally not required in a complaint, it does not appear that the inclusion here prejudices Defendants in any way.

6. Paragraph 59

The City and CPD argue that this paragraph should be stricken to the extent that it alleges a conclusion of law as a statement of fact.[7] Plaintiff argues that this is not a conclusion of law, but rather alleges that Defendants knew or should have known that the ordinance in question was unconstitutional. Here, there appears to be a question of fact as to what Defendants knew or should have known such that this paragraph should not be stricken.

7. Paragraph 7

The City and CPD contend that this paragraph should be stricken to the extent that it refers to the Constitution of the State of South Carolina because Plaintiff asserts that his action arises, in part, under § 1983 which does not provide a cause of action for alleged violations of state constitutional provisions.[8] Plaintiff argues that these references should not be stricken because the Court has supplemental jurisdiction for any state law claims.

---

[7]Plaintiff alleges:
59. Defendants knew or should have known that City of Columbia Municipal Ordinance § 10-34(b) is unconstitutional and void because substantially similar and identical "interference" ordinances have been deemed unconstitutional pursuant to the United States Supreme Court in City of Houston, Texas v. Hill, 482 U.S. 451 (1987) and the South Carolina Supreme Court Town of Honea Path v. Flynn, 255 S.C. 32, 39-40, 176 S.E.2d 564, 567 (1970).
Amended Complaint at 12.

[8]Plaintiff alleges:
7. This action arises under 42 U.S.C. § 1983, the Declaratory Judgment Act, 28 U.S.C.A. § 2201 et seq., the First, Fourth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of South Carolina.
Amended Complaint at 2.

11

This paragraph should not be stricken. Although it is somewhat unclear as to which claims Plaintiff is alleging a violation of his rights under the Constitution of the State of South Carolina, he has alleged claims under state law.

**B.    Motion to Dismiss**

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. <u>Ostrzenski v. Seigel</u>, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 557).

   1. <u>§ 1983 claims against individual Defendants in their official capacities</u>

The City and CPD argue that Plaintiff's claims against Defendants Passmore, Heywood, and Long in their official capacities are duplicative of the same claims made against the

City. Plaintiff argues that these claims should not be dismissed against the individual Defendants in their official capacities because:

> [t]he Supreme Court has held that plaintiffs may file suit against both a municipality and its agents in both their official and individual capacities under § 1983. See Owen v. City of Independence, 445 U.S. 622 (1980); Monell v. Department of Social Servs., 436 U.S. 658 (1978).

Plaintiff's Opp. Mem. at 4.

Federal law treats an action against defendants in their official capacities as an action against the municipality, and state law does not require a plaintiff to individually name official employees if the government agency is named as a party to the action. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61 (1989)(suit against a state official in his official capacity is not a suit against the official, but rather is a suit against the official's office and thus is no different from a suit against the State itself); S.C.Code Ann. § 15-78-70(c) (1976) ("[A] person, when bringing an action against a governmental entity under the provisions of [the South Carolina Tort Claims Act], shall name as a party defendant only the agency or political subdivision for which the employee was acting and is not required to name the employee individually...."). Here, Plaintiff has named the City as a defendant, such that it is redundant for him to also name Passmore, Heywood, and Long as defendants in their official capacities as parties to the action. Therefore, it is recommended that the claims against Defendants Passmore, Heywood, and Long in their official capacities be dismissed.

2. CPD

CPD contends that it should be dismissed as a defendant in this action because it is not amenable to suit and is simply a division of the City of Columbia. Plaintiff states that the CPD is not a separate entity and is an agency and/or division of the City. Because of this, Plaintiff argues that striking references in the amended complaint to the police department is unnecessary.

It is recommended that CPD be dismissed as a Defendant to this action. Although "municipalities and other local government units" are "persons" subject to liability for § 1983, police departments, like buildings and correctional institutions, are not usually considered legal entities subject to such suits. See, e.g., Martinez v. Winner, 771 F.2d 424, 444 (10th Cir.1985) (holding the Denver Police Department was not a separate entity subject to suit); Post v. City of Fort Lauderdale, 750 F.Supp. 1131 (S.D.Fla.1990) (dismissing city police department as not subject to suit); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C.1989) (holding that § 1983 claims are directed at "persons" and a jail is clearly not a person amenable to suit); Shelby v. City of Atlanta, 578 F.Supp. 1368, 1370 (N.D.Ga.1984)(explaining that because police department is merely the vehicle through which the city government fulfills its policing functions, the city, and not its police department, is proper defendant in the suit).

**CONCLUSION**

Based on the foregoing, it is recommended that Faltas' motion and amended motion to intervene, to certify a class action, and for injunctive relief (Docs. 44 and 47) be **denied**. It is further recommended that the motion to dismiss and to strike of Defendants the City of Columbia and the City of Columbia Police Department (Doc. 36) be **denied**, in part, as to the motion to strike, and that

the motion to dismiss the City of Columbia Police Department as a defendant and to dismiss the claims against Defendants Passmore, Heywood, and Long in their individual capacities be **granted**.

                                        Joseph R. McCrorey
                                        United States Magistrate Judge

December 17, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).