UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan David McCoy, | ) | C/A No.: 3:10-132-JFA-JRM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| City of Columbia; City of Columbia Police Department; John K. Passmore; James Heywood; and Amanda H. Long, all in their Individual and Official Capacities. | ) | |
| Defendants. | ) | |

The plaintiff, Jonathan David McCoy, brings this action pursuant to 42 U.S.C. § 1983 alleging various federal and state constitutional violations by the defendants.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he addresses defendants' motion to dismiss and/or strike certain allegations from the amended complaint. In that motion, the defendants seek dismissal of the action in its entirety to the extent that it is brought against the individual defendants in their official capacities. The motion also seeks dismissal of the City of Columbia Police Department as a defendant in this action. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

without a hearing.

After carefully reviewing the amended complaint, the Magistrate Judge recommends against striking any of the allegations contained therein. With regard to the motion to dismiss the claims against the individual defendants in their official capacities, the Magistrate Judge has carefully analyzed the law in this area and recommends that the claims against defendants Passmore, Heywood, and Long in their *official* capacities be dismissed.

Then, in an obvious clerical error, the portion of the Report and Recommendation entitled "Conclusion" recommends that the "claims against defendants Passmore, Heywood, and Long in their *individual* capacities be granted." The Conclusion is therefore at odds with the discussion in the body of the Report. The only objection lodged to the Report is one by the defendants to point out this clerical error.

As to dismissal of defendant CPD, the Magistrate Judge properly recommends that the motion be granted because police departments, as separate legal entities, are not subject to liability in § 1983 actions. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985).

Because it is clear that the Magistrate Judge intended to recommend that the claims against the individual defendants in their official capacities be dismissed, the court will adopt, in part, the Report and Recommendation.

Accordingly, the Report is adopted as the order of this court except that the conclusion of the Report is hereby modified to correctly reflect that the action against the individual defendants in their *official* capacities is dismissed. The defendants' motion to dismiss and/or strike is granted in part: Defendant CPD is dismissed as a party to this action, and this action

will proceed against defendants Passmore, Heywood, and Long in their individual capacities only. The motion to strike is denied.

The Clerk is authorized to return this file to the Magistrate Judge for further handling of the pretrial matters.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

March 11, 2011
Columbia, South Carolina