IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jonathan David McCoy, | ) | C/A No. 5:10-132-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| City of Columbia, John K. Passmore, | ) | |
| James Heywood, and Amanda H. Long, all | ) | |
| in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On April 2, 2012, the court granted Plaintiff's motions requesting in camera review of several documents as to which Defendant City of Columbia ("City") claimed privilege or protection. Having completed its review, the court issues this order with its findings.

I.     Introduction

Pretrial matters in this case were assigned to the undersigned pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), on January 2, 2012. ECF Nos. 121, 122. Previously, pretrial matters had been assigned to the Honorable Joseph R. McCrorey. Judge McCrorey set out the following succinct factual background of the case in his Report and Recommendation regarding other motions:

> On October 16, 2009, Plaintiff and his friend, Allen Keith McAlister, Jr. ("McAlister"), were socializing at an establishment known as Red Hot Tomatoes on Harden Street in the Five Points District of Columbia, South Carolina. McAlister, who allegedly disputed several charges placed on his food and beverage tab, was arrested by Columbia Police officers on charges of refusal to leave and resisting arrest. Plaintiff, an attorney, claims he approached the officers to inquire about the nature of McAlister's arrest, to determine the location of McAlister's booking, and to advise McAlister of the right to remain silent. Plaintiff was arrested by [Columbia Police Department] law enforcement officers. He was charged with violating City of Columbia Municipal Ordinance Section 10-34(b) for "interfering with a police officer."

> This charge was nolle prossed on approximately May 20, 2010. *See* Doc. 23 and Amended Complaint. In his amended complaint, Plaintiff alleges claims under 42 U.S.C. § 1983 ("§ 1983") for violations of his First, Fourth, and Fourteenth Amendment rights; seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.; and appears to allege claims under South Carolina law for malicious prosecution, false imprisonment, assault, battery, negligence, and violations of the Constitution of the State of South Carolina. He seeks declaratory and injunctive relief, as well as monetary damages.

ECF No. 31 (footnote omitted).

On August 31, 2011, Judge McCrorey held a hearing on several discovery motions relating to, among other things, whether an attorney-client relationship existed between the prosecutor in Plaintiff's underlying criminal case and City of Columbia Police Officer Amanda H. Long, who was the arresting officer in the criminal matter and is a defendant in this civil litigation. *See* ECF No. 114 (Tr. of Aug. 31, 2011 hr'g). Much of that hearing focused on questions Plaintiff's counsel asked Defendant Long in deposition that defense counsel argued were privileged. The court found there was no privilege between the prosecutor and the officer, and instructed they complete Long's deposition. *See* ECF No. 106 (denying motion for protective order because Defendants "failed to show an attorney-client privilege" between Long and the prosecutor), No. 114 at 42.

During the hearing, the parties informed the court there were several documents the City claimed to be privileged or protected by the work-product doctrine that Plaintiff believed should have been produced without redaction. The court did not rule on those specific documents at that time, but indicated in camera review of such documents could become appropriate. ECF No. 114 at 84-85. Subsequently, Plaintiff filed two motions requesting such an in camera review. ECF Nos. 115, 117. The City maintained the documents remained privileged or protected, but consented to in camera review. ECF No.

118. The undersigned granted Plaintiff's motions requesting in camera review and ordered the City to provide it with a copy of the unredacted documents at issue. ECF No. 137. Having reviewed each of the documents provided, the court finds the City appropriately withheld them from production.

In considering discovery matters, the court is mindful that parties in civil litigation generally enjoy broad discovery, as detailed in Federal Rule of Civil Procedure 26(b)(1):

> (b) Discovery Scope and Limits.
>
> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). "[T]he discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc*., 967 F.2d 980, 983 (4th Cir. 1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). The court now considers Movant's and Plaintiff's challenges to the breadth of discovery permitted.

    II.    Analysis

As noted by the City in responding to Plaintiff's first motion requesting in camera review, the documents under consideration fall into two broad categories: (1) documents containing communications between the City's attorneys and City personnel, which the City asserts are protected by the attorney-client privilege; and (2) documents evidencing

communications between attorneys employed by the City regarding legal strategy and containing mental impressions of these attorneys. ECF No. 118 at 2.[1]

The attorney-client privilege "encourage[s] full and frank communication between attorneys and their clients and thereby promote[s] broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Because its application interferes with "the truth seeking mission of the legal process," *United States v. Tedder*, 801 F.2d 1437, 1441 (4th Cir. 1986), however, the attorney-client privilege is disfavored, and courts must narrowly construe the privilege and recognize it "only to the very limited extent that . . . excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth." *Trammel v. United States*, 445 U.S. 40, 50 (1980) (internal quotations omitted).

Here, the City has the burden of establishing the applicability of the privilege. *In re Grand Jury Proceedings*, 33 F.3d 342, 352 (4th Cir. 1994). To do so, it must demonstrate the following:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

---

[1] Subsequent to the City's response to Plaintiff's first request for in camera review, Plaintiff submitted an additional list of documents to be reviewed, which Plaintiff believed to have been taken from the files of Assistant City Attorney Holloway. ECF No. 117.

4

*United States v. Tedder*, 801 F.2d 1437, 1442 (4th Cir. 1986) (internal citation omitted). Included within this task is the burden of establishing no waiver of the privilege. When the privilege applies, it affords confidential communications between lawyer and client complete protection from disclosure. *In re Grand Jury Subpoena*, 204 F.3d 516, 519–20 (4th Cir. 2000) (internal quotation omitted). This protection applies to communications between a corporate party and its in-house counsel, as well as to communications with a privately-retained attorney. *Upjohn*, 449 U.S. at 389–90. Further, it is well established that the attorney-client privilege extends not only to documents authored by an attorney, but also to information and queries submitted to him by his client. *Id.* at 390 (explaining that the attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice"); *In re Allen*, 106 F.3d 582, 601 (4th Cir. 1997) (applying *Upjohn*).

Rule 26(b)(3) of the Federal Rules of Civil Procedure incorporates the common law articulated in *Hickman v. Taylor*, 329 U.S. 495 (1947). Rule 26(b)(3) protects "things that are prepared in anticipation of litigation," whether "by or for" a party or its "representative (including [its] attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). This doctrine is premised on the idea that "[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman*, 329 U.S. at 510.

"The mere fact that litigation does eventually ensue does not, by itself, cloak materials with work product immunity. The document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Nat'l Union*,

5

967 F.2d at 984 (internal citations omitted). The protection encompasses both "fact" work product and "opinion" work product. Fact work product, which consists of documents prepared by an attorney that do not contain the attorney's mental impressions, "can be discovered upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *In re Grand Jury Proceedings*, 33 F.3d at 348; *see also In re John Doe*, 662 F.2d 1073, 1076 (4th Cir. 1981). Opinion work product, which does contain the fruit of an attorney's mental processes, is absolutely protected. *Nat'l Union*, 967 F.2d at 984. As with the attorney-client privilege, the party seeking work-product protection has the burden of proof to establish entitlement to it. *Sandberg v. Virginia Bankshares, Inc.*, 979 F.2d 332, 355 (4th Cir. 1992).

The City argues some of the documents reviewed are protected by the attorney-client privilege because they are between counsel in the City Attorney's office and those attorneys' clients—City personnel. *See* ECF No. 118. In particular, the City claims the following documents are protected by the attorney-client privilege: City 000020, 000104, 000126, 000336. Plaintiff argues, *inter alia*, that no documents related to the criminal matter can be privileged because the City is not the client of the City attorneys prosecuting cases. ECF No. 115.

Having reviewed documents City 000020, 000104, 000126, and 000336, the undersigned finds they are protected attorney-client communications. The documents include requests for legal opinions, legal opinions, and reports from the City Attorney to his clients, which include management of the City, the mayor, and councilmembers. *See* City of Columbia Code § 2-115. None of these documents includes a communication between the

6

Assistant City Attorney involved in the criminal prosecution of Plaintiff and a police officer or other witness in the criminal matter.

The City claims the remaining documents with a "City"-prefixed identifying number—City 000745-51 and 757[2]—are protected work product because they contain communications between attorneys employed by the City of Columbia. ECF No. 118. The City also claims the document with identifying number CITY 000757 is covered by the attorney-client privilege. Plaintiff argues that, based on the documents' descriptions in the privilege log, the documents seem to relate only to the underlying criminal matter. ECF No. 115 at 5. He also argues the documents are not privileged because some were written or received by attorneys who are not attorneys of record in this civil matter. *Id*.

Having reviewed these documents, the court finds they are protected attorney work product. The documents include attorneys' mental impressions and strategies and relate at least in part to the instant civil litigation. The City appropriately withheld/redacted information from these documents. Further, CITY 000757 is privileged, as it contains discussion concerning legal advice.

Plaintiff argues the documents referenced in his second request for review—Prosecutor 000204-05, 000239, 000242, 000260, 000261-62, 000264-65, 000675-786, and 000874-75—should be produced because they relate to the criminal matter. *See* ECF No. 117. He submits these documents may not be protected by the work-product doctrine because he "does not believe the documents contained in the closed file of a prosecutor are subject to privilege." ECF No. 117 at 2.

---

[2] In Plaintiff's request for in camera review, it also requested the court consider City 000754-55. In responding to Plaintiff's request, the City indicated it would provide those documents to Plaintiff because the special prosecutor had already provided a copy of the same documents. ECF No. 118 at 4-5.

7

The City defends its assertion of the work-production protection of these documents. It explains that none of the materials withheld or redacted involve prosecutor-witness communications. Additionally, the City argues the redacted information contains mental impressions and legal strategy related to the criminal matter, but does not include any witness statements or notes regarding prosecutor-witness communications. ECF No. 123.

Having closely reviewed the documents submitted in camera, the undersigned finds the City appropriately withheld or partially redacted portions of the documents as protected work product. The redacted information and withheld documents reflect the mental impressions of an attorney and were prepared "in anticipation of litigation" by counsel for the City.

In his memorandum opposing a prior discovery motion, Plaintiff cited several out-of-district cases for the proposition that a prosecutor's file is not protected work product when requested in subsequent civil litigation. ECF No. 81 at 4-5. These cases, of course, are not binding on this court. Nonetheless, the court has reviewed the cases and does not find them to require a different result. Several of the reasons those courts found the work-product protection inapplicable are not present here. For example, some of those courts found Rule 26(b)(3) protection was inapplicable because the prosecuting entity was not also a party to the civil litigation. *See, e.g., Klein v. Jefferson Parish Sch. Bd.*, No. Civ. A. 00-3401, 2003 WL 1873909, at *3 (E.D. La. Apr. 10, 2003) (finding work-product doctrine did not protect notes of prosecutor in underlying matter because prosecutor's notes were for Parish of Jefferson, which was not a party to the civil litigation); *Ostrowski v. Holem*, No. 02 C 40281, 2002 WL 31956039, at *3 (N.D. Ill. Jan. 21, 2002) (denying motion to quash subpoena

8

served by plaintiff on prosecutor of underlying criminal matter finding work-product doctrine did not protect prosecutor's file, noting he was not a party to the pending civil suit).[3]

Indeed, the related nature of the criminal matter and this civil matter are reflected in an unredacted portion of a letter sent by Joel W. Collins., Jr., Esq., counsel for Plaintiff in this matter to the prosecutor, Ms. Holloway, City of Columbia, the Office of the City Attorney. The letter, dated March 31, 2010, Prosecutor 000261, includes in its "Re" line both the caption and civil action number of this litigation and the "Ticket No." of the criminal matter. Further, Plaintiff sought the documents at issue through a discovery request to the City, not through a subpoena to a separate prosecuting entity. *Cf. Klein*, 2003 WL 1873909.

The court finds the City appropriately asserted privilege or protection over the documents reviewed in camera.

IT IS SO ORDERED.

April 27, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

---

[3] Further, courts that have considered this issue have often noted the work-product protection should remain in place for files in underlying criminal matters when such matters have not been closed. *E.g., Ostrowski* 2002 WL 31956039 at *4 ("It should also be noted that because the underlying criminal case has been closed by [the prosecutor], there are no concerns of interfering with an ongoing criminal investigation."). Here, the City of Columbia's special prosecutor nolle prossed the criminal case against Plaintiff with leave to restore. *See* ECF No. 114 at 25. The City has left open the possibility the case is not ended. This provides a policy reason the limited work product withheld from the prosecutor's file should remain protected.

9