IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jonathan David McCoy, | ) | C/A No. 5:10-132-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| City of Columbia, John K. Passmore, | ) | |
| James Heywood, and Amanda H. Long, all | ) | |
| in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the motion of nonparty Ashleigh Messervy ("Movant") to quash a subpoena to testify at a deposition in the above-captioned action, ECF Nos. 126, 155.

I.      Introduction

Pretrial matters in this case were assigned to the undersigned pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), on January 2, 2012. ECF Nos. 121, 122.

Previously, pretrial matters had been assigned to the Honorable Joseph R. McCrorey. Judge McCrorey set out the following succinct factual background of the case in his Report and Recommendation regarding other motions:

On October 16, 2009, Plaintiff and his friend, Allen Keith McAlister, Jr. ("McAlister"), were socializing at an establishment known as Red Hot Tomatoes on Harden Street in the Five Points District of Columbia, South Carolina. McAlister, who allegedly disputed several charges placed on his food and beverage tab, was arrested by Columbia Police officers on charges of refusal to leave and resisting arrest. Plaintiff, an attorney, claims he approached the officers to inquire about the nature of McAlister's arrest, to determine the location of McAlister's booking, and to advise McAlister of the right to remain silent. Plaintiff was arrested by [Columbia Police Department] law enforcement officers. He was charged with violating City of Columbia

> Municipal Ordinance Section 10-34(b) for "interfering with a police officer." This charge was nolle prossed on approximately May 20, 2010. *See* Doc. 23 and Amended Complaint. In his amended complaint, Plaintiff alleges claims under 42 U.S.C. § 1983 ("§ 1983") for violations of his First, Fourth, and Fourteenth Amendment rights; seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.; and appears to allege claims under South Carolina law for malicious prosecution, false imprisonment, assault, battery, negligence, and violations of the Constitution of the State of South Carolina. He seeks declaratory and injunctive relief, as well as monetary damages.

ECF No. 31 (footnote omitted).

In considering discovery matters, the court is mindful that parties in civil litigation generally enjoy broad discovery, as detailed in Federal Rule of Civil Procedure 26(b)(1):

> (b) Discovery Scope and Limits.
>
> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). "[T]he discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc*., 967 F.2d 980, 983 (4th Cir. 1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). The court now considers Movant's motion to quash.

II.    Procedural History

In a March 7, 2012 subpoena, counsel for Defendant City of Columbia ("Defendant" or "the City") issued a subpoena commanding Movant to appear for a deposition on March 22, 2012. *See* ECF No. 126-1. On March 20, 2012, Movant sought the court's ruling quashing

the subpoena. On March 21, 2012, the court ordered that the deposition not go forward until the court considered the substance of the motion to quash. ECF No. 128. Upon being informed by the City that it wished to go forward with Movant's deposition, the court instructed Movant and the City to submit legal memoranda in support of their positions.

Movant submitted her brief in support of her motion to quash, ECF No. 139, to which the City responded, ECF No. 143. On April 26, 2012, the date Movant's reply memorandum was to be submitted, the parties submitted a motion and a proposed consent order requesting that the court hold Movant's motion to quash in abeyance pending her deposition. ECF No. 146. The court entered an order granting that joint request, holding its ruling on the motion in abeyance. ECF No. 148. In that order, the court instructed Movant to inform the court within seven days of her deposition whether she required a ruling on her motion to quash. *Id.* at 1. Within those seven days, Movant was further instructed to submit any additional grounds in support of the court's protection from responding to deposition questions. *Id.* On May 15, 2012, Movant filed a Motion to Rescind the Consent Order, in which she requested the court lift the order of abeyance and conduct a hearing on the original motion to quash based on grounds previously stated in her brief supporting her motion to quash. *See* ECF No. 155 (requesting ruling on Mot. to Quash, ECF No. 126).

The court agrees to rescind its order of abeyance and issue its ruling on the substance of Movant's motion to quash, effectively granting ECF No. 155. The court has considered the parties' memoranda submitted previously regarding Movant's motion to quash, ECF Nos. 126, 139, 146,[1] and, for the reasons set forth herein, denies Movant's motion, ECF No. 126.

---

[1] The court initially indicated it would conduct a hearing on the motion. ECF No. 128 (ordering deposition be held in abeyance until court conducted hearing and ruled on substance of Movant's motion). In her motion to rescind the consent order, ECF No. 155,

III.     Analysis

In her Memorandum in Support of the Motion to Quash, Movant argues she cannot be compelled to testify pursuant to the City's deposition subpoena because such testimony is privileged. ECF No. 139. Movant describes herself as a "former news photographer for WACH Television, a television station of general viewing in central South Carolina[.]" *Id.* at 1. Otherwise, she offers few facts to support her argument. Instead, she quotes federal and state law for the general principle that a news reporter enjoys a qualified privilege against being compelled to testify as to information obtained in the process of newsgathering. *Id.* at 1-3.

Movant accurately cites cases, including *LaRoche v. National Broadcasting Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986), as setting forth a three-part test courts are to consider when evaluating a reporter's claim of privilege. As the Fourth Circuit Court of Appeals explained, news reporters are "entitled to some constitutional protection of the confidentiality of [their] sources," and, "[i]f reporters were routinely required to divulge the identities of their sources, the free flow of newsworthy information would be restrained and the public's understanding of important issues and events would be hampered in ways inconsistent with a healthy republic." 780 F.2d at 1139 (internal quotations and citations omitted). However, this reporter's privilege is not absolute and is weighed against the interest of society in obtaining the information. *Id.* In evaluating those competing interests, the court is to consider and balance the following:

(1) Whether the information is relevant,

---

Movant "requests a hearing on the original Motion to Quash be set on the grounds previously stated in the Witness's Brief and Motion to Quash." *Id.* Having reviewed the memoranda submitted by Movant and by the City, the court finds a hearing would not aid in its decision-making process.

(2) whether the information can be obtained by alternative means, and

(3) whether there is a compelling interest in the information.

*Id.*

Other than stating she had been a television photographer (ECF No. 139 at 1), Movant does not explain how the qualified reporter's privilege would prevent her from being deposed in this matter. As the City points out, the considerations set forth in *LaRoche* are to be considered only in determining whether a journalist may claim the privilege to prevent her from divulging the identity of a confidential *source* of information.  *See* 780 F.2d at 1139 (affirming district court's refusal to compel defendant to "disclose confidential sources" or to preclude defendant from relying on those undisclosed sources at trial).

Here, Movant has offered no facts or argument that she will invoke the privilege to protect a source of information or otherwise to protect information obtained in the process of newsgathering.  On the other hand, the City attaches an excerpt from Plaintiff's deposition in which he describes Movant as a "good friend" to whom he spoke at some point after his arrest and after the City had dropped charges against him. *See* ECF No. 143-1 at 2-3.

The burden of establishing entitlement to a privilege is on the proponent of such privilege. When the court does not have sufficient information to determine the privilege applies, that burden is not satisfied. *See Fed. Trade Comm. v. TRW, Inc.* 628 F.2d 207, 212 (D.C. Cir. 1980); *see also AVX Corp. v. Horry Land Co., Inc.*, 4:07-3299-TLW-TER, 2010 WL 4884903 (D.S.C. Nov. 24, 2010) (noting burden is on proponent of attorney client privilege).

Based on the law as applied to the facts provided by Movant and the City, the court denies Movant's motion to quash the subpoena. Movant has not established she seeks to claim the reporter's privilege to protect sources of information to which she looked in

5

newsgathering. No facts have been provided that suggest she was acting as a journalist in discussing the facts underlying this litigation with Plaintiff.  Accordingly, no analysis under the three-part test set out in *LaRoche* is required.[2]

IV.     Conclusion

Movant's motion to rescind the court's prior order holding a ruling in abeyance, ECF No. 155, is granted. Movant's motion to quash the deposition subpoena, ECF No. 126, is denied. In the event other legal issues arise (or have arisen) regarding Movant's deposition, Movant and/or the parties should submit appropriate motions to the court.

IT IS SO ORDERED.


May 16, 2012                                                                 Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

---

[2] Movant also cites South Carolina's Reporter's Shield Statute, S.C. Code Ann. § 19-11-100, as the basis for her claimed reporter's privilege. The City argues the state statute is inapplicable in this action brought pursuant to 42 U.S.C. § 1983. ECF No. 143 (citing F.R.E. 501). Here, Plaintiff brought claims under South Carolina law as well as under 42 U.S.C. § 1983. Courts that have considered the question of whether federal or state law applies in a case involving federal and state-law causes of action have typically found federal law applies to all privilege issues. *See generally* 2 Attorney-Client Privilege in the U.S. § 12:13 (2011) (collecting cases). Nonetheless, South Carolina's privilege applies only to information "obtained or prepared in the gathering of news[,]" as well.