IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jonathan David McCoy, | ) | C/A No. 5:10-132-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| City of Columbia, John K. Passmore, | ) | |
| James Heywood, and Amanda H. Long, all | ) | |
| in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the motion of nonparty Ashleigh Messervy ("Movant") to quash a subpoena to testify in a civil action, ECF No. 158, and Movant's motion for a protective order and order to quash subpoena, ECF Nos. 165.

I.     Background

Movant's Motion to Quash and Motion for Protective Order/Order to Quash (ECF Nos. 158 and 165) both concern Defendant City of Columbia's ("the City's") noticing of Movant's deposition. Previously, Movant had filed a motion to quash the City's deposition subpoena, on the grounds that her testimony would be protected by "privilege against disclosure as a member of the media[.]" ECF No. 126. After Movant submitted a brief in support of her motion to quash, ECF No. 139, and the City responded, ECF No. 143, Movant and the City requested that the court hold Movant's original motion to quash in abeyance pending her deposition, ECF No. 146. On April 27, 2012, the court granted the parties' request to hold any ruling on the motion to quash in abeyance and instructed Movant to "notify the court within seven days after her deposition's conclusion whether the Motion to

Quash will be withdrawn or will require the court's ruling." ECF No. 148. The order also required Movant to "submit any additional grounds for a protective order within seven days of the deposition's conclusion." *Id.*

On May 15, 2012, Movant filed a motion asking that the court lift its order holding ruling on her motion to quash in abeyance and requesting a hearing on her original motion to quash based "on the grounds previously stated" in her brief and motion. ECF No. 155. Movant did not submit any additional grounds for a protective order and made no specific reference as to whether the City had moved forward with her deposition or, if it had, as to what questions asked during the deposition she sought to invoke the reporter's privilege.

Having been asked to make a ruling based on grounds stated in the previously filed brief, the court determined no hearing was necessary and, on May 15, 2012, issued its order denying Movant's motion to quash. ECF No. 156. The court analyzed Movant's grounds for seeking to quash the subpoena and the City's grounds arguing the reporter's privilege did not shield Movant from being required to testify. *See* ECF Nos. 126, 139, 146, 155. The court concluded its order by inviting Movant and/or the parties to "submit appropriate motions" in "the event other legal issues arise (or have arisen) regarding Movant's deposition." ECF No. 156 at 6.

On June 8, 2012, Movant filed another Motion to Quash, ECF No. 158, seeking the court's order quashing a deposition subpoena served by the City. In that motion, Movant explains that she was deposed by the City on May 7, 2012, and that the City had re-noticed her deposition. She argues the deposition should not go forward because the City cannot re-depose her without leave of court, citing Federal Rule of Civil Procedure 30(a)(2)(A)(ii). ECF No. 158. Although Movant referenced a copy of the subpoena at issue as "exhibit A" to

2

the motion, no copy was attached. However, Movant attached a proposed order as "Exhibit A" to her motion that indicated her deposition was to be re-convened on June 12, 2012. ECF No. 158-1.

On June 11, 2012, the court conducted a brief telephone conference regarding Movant's motion to quash. Following the conference, the court directed Movant to file a motion for protective order and attach a copy of her deposition transcript. Movant filed her motion and supporting brief on June 13, 2012. ECF No. 165. The City filed its brief in opposition, ECF No. 170, as did Defendants James Heywood, Amanda H. Long, and John K. Passmore, ECF No. 169.

II.     Analysis

Having reviewed Movant's memorandum in support of her motion for protective order, as well as the full transcript of her May 7, 2012 deposition, the court finds Movant has not established that information about which she was questioned at the deposition is protected by the reporter's privilege. As more fully discussed in the court's May 16, 2012 order, the reporter's privilege is intended to provide "'some constitutional protection of the confidentiality of [reporter's] sources.'" ECF No. 156 at 4 (quoting *LaRoche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986)).

Movant's most recent request for a protective order and an order quashing the City's deposition subpoena does not provide any further information that suggests to the court the privilege would apply to questions posed in the May 7, 2012 deposition. She does not explain how the information apparently sought during that deposition was privileged; i.e., how the questions would require her divulge confidential sources or otherwise reveal information protected because of its being part of a news-gathering function.

In fact, as the City points out, Movant has not provided any facts that support a claim that she was acting in her capacity as a journalist in discussing facts related to this case with anyone, including Plaintiff. *See* ECF No. 170 at 3. To the contrary, in her May 7, 2012 deposition, Movant indicated that at no time during conversations with Plaintiff was she acting in a news-gathering capacity, nor had she ever interviewed Plaintiff in her capacity as a news reporter. ECF No. 165-2 at 31-34.[1]

As the court noted previously, the burden of establishing entitlement to privilege is on the proponent of such privilege—here, Movant. *See* ECF No. 156 at 5. Rather than attempt to satisfy her burden of showing that the reporter's privilege is applicable to the elicited information, Movant skips that portion of the reporter's-privilege analysis and presumes it applies. She argues that she should not be required to provide information sought in the deposition because "[D]efendants cannot make any showing sufficient to overcome the privilege under the First Amendment." ECF No. 165-1 at 2 (arguing because Defendants have not shown they cannot gather the information sought elsewhere, they have not established that the reporter's privilege does not apply).

Movant's argument does not address the threshold question of whether the information at issue is protected. Because Movant has not established the reporter's privilege is, or arguably could be, applicable, she has not satisfied her burden of showing the privilege applies. Her motion for a protective order, ECF No. 165, is denied.

Further, the City and Defendants Passmore, Heywood, and Long also argue Movant has waived any privilege she may have claimed because she did not move for a protective order within the time frame mandated by both the court's order holding its ruling on the prior

---

[1] Further, Plaintiff testified in his deposition that Movant never interviewed him in her capacity as a reporter. *See* Pl.'s Nov. 13, 2011 Dep. 184: 5-8, ECF No. 143-1 at 3.

4

motion to quash in abeyance and by Local Civil Rule 30.04(C). *See* ECF No. 169 at 2, No. 170 at 4. The court agrees that Movant did not timely raise her objections to the lines of questioning she puts at issue in her motion for protective order and motion to quash. In this instance, the waiver is academic, however, because the court permitted Movant to file a motion for protective order out-of-time and has issued its ruling denying the motion on its merits.

Nonetheless, the court references this waiver because Movant argued in her second motion to quash, ECF No. 158, that the City's subpoena noticing the continuation of her deposition that had begun on May 7, 2012 was inappropriate because it would amount to a second deposition of Movant without leave of court. *See* ECF No. 158. Based on its above ruling that the Movant is not entitled to assert privilege over the responses to the questions she did not answer at the May 7, 2012 deposition, the City is entitled to reconvene Movant's deposition at a mutually convenient time. Movant's second Motion to Quash, ECF No. 158, is denied.

Discovery in this matter is to end June 19, 2012. *See* Fourth Am. Scheduling Order, ECF No. 150. Although this discovery deadline and all remaining deadlines remain in place, the parties may schedule the continuation of Movant's deposition outside of the discovery deadline.

III.     Conclusion

Movant's motion to quash, ECF No. 158, and motion for protective order, ECF No. 165, are denied. The parties are to schedule the continuation of Movant's deposition at a mutually convenient time. The June 19, 2012 discovery deadline, and all other remaining

5

deadlines, remain in place; however, the parties may conduct the continued deposition of Movant at a time outside the deadline.

    IT IS SO ORDERED.

June 19, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge