IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Jonathan David McCoy, | ) | Civil Action Number: |
| | ) | 5:10-cv-00132-JFA-KDW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of Columbia, John K. Passmore, James Heywood, and Amanda H. Long, all in their individual and official capacities, | ) ) ) ) | **RESPONSES TO LOCAL RULE 26.05 (G) AND (N) BY DEFENDANTS HEYWOOD, PASSMORE, AND LONG** |
| Defendants. | ) | |
| | ) | |
| | ) | |

   Defendants Heywood, Passmore, and Long hereby file and serve upon counsel for Plaintiff the following responses to Local Rule 26.05(G) and (N).

**(G) The names of the witnesses expected to be called and a summary of their anticipated testimony. Whether the exclusion of a witness or witnesses is requested pursuant to Federal Rule of Evidence 615. If no request is made herein, it shall be deemed waived.**

   1. Defendant Amanda Long – Defendant Long is expected to testify regarding her interaction with Plaintiff on October 17, 2009. Long is also expected to testify regarding her belief that probable cause existed to arrest Plaintiff for several violations of state and municipal law, regarding her training and experience both generally and in relation to the Five Points bar district.

   2. Defendant James M. Heywood – Defendant Heywood is expected to testify regarding his involvement, or lack thereof, in the arrest of Plaintiff. Heywood is expected to testify regarding his observations of Plaintiff prior and subsequent to the arrest, including his

1

transport of Plaintiff to the Alvin S. Glenn Detention Center. Heywood is also expected to testify regarding his training and experience, including as it relates to the Five Points bar district.

3. Defendant John Passmore – Defendant Passmore is expected to testify regarding his involvement in the arrest of Plaintiff, his observations of Plaintiff's actions and behavior on October 17, 2009, and his training and experience as a police officer for the City of Columbia.

4. Richard Dennis – Dennis was, on October 17, 2009, a doorman and bouncer at the Red Hot Tomatoes / Sharky's business located in Five Points where Plaintiff and the third-party arrestee were drinking. Dennis is expected to testify regarding his observations of Plaintiff and Plaintiff's interaction with the Defendant officers. Dennis is expected to testify regarding, among other observations, Plaintiff's refusal to back away from the officers as directed while they were arresting the third-party, and regarding Plaintiff's grabbing of Defendant Long's arm.

5. Scott Linaberry – Linaberry was, at the time of the incident at issue in this case, the owner of the Red Hot Tomatoes / Sharky's bar in Five Points. Linaberry is expected to testify regarding his operation of the bar, his records concerning Plaintiff's bar tab at the Red Hot Tomatoes from the time of the incident, the video recording system available and operating at the time of the incident, and his interaction with Plaintiff subsequent to the incident.

6. Kimberly Black – Black was, at the time of the incident at issue in this case, a detention officer at the Alvin S. Glenn Detention Center. Black is expected to testify regarding her observations of Plaintiff at the time that she was on duty in the dorm where Plaintiff was housed. She is also expected to testify regarding the physical layout of the Detention Center dorm and the suicide of inmate Olin Taylor at approximately 5:45 p.m. on October 17, 2009.

7. Lt. Margita Friedley – Lt. Friedly is currently employed at the Alvin S. Glenn Detention Center as the Lieutenant over the professional standards division. She is expected to

testify regarding her knowledge of the detention center's video recording system and the recordings kept in the ordinary course of business that depict Plaintiff's custody at the detention center. Friedley is further expected to testify regarding her knowledge of the inmate telephone recording system that records all outgoing calls made by inmates, kept in the ordinary course of business, and the recordings made of telephone calls made by Plaintiff to his parents on October 17, 2009.

8. Jeannie Shull – Shull is a former detention center employee previously assigned to the professional standards division. Shull is expected to testify, if necessary, regarding her retrieval of the audio calls and video recordings to be authenticated by Friedley.

9. Kimberly Riley – Riley is a former girlfriend of Plaintiff and is expected to testify regarding Plaintiff's statements to her following his release from the detention center. Riley is further expected to testify regarding her observations of Plaintiff's demeanor and actions subsequent to his release from the detention center.

10. Steve Smith – Smith is a retired SLED agent and the expert witness hired by Defendants regarding the issues in this case. Smith is expected to testify regarding the actions of these Defendants, the training of these Defendants generally regarding their arrest of the third-party and training regarding the need to keep people such as Plaintiff out of the immediate area of the arrest for the safety of the arrestee, the officers, and the intruding person. Smith is expected to testify regarding his observation and evaluation of the video recordings provided as a part of the record in this case. Smith is further expected to opine that he believed probable cause existed to arrest Plaintiff for interfering with the arrest of the third-party arrestee, for assault and battery of Defendant Long, and for public intoxication.

11. Danny Crowe, Esquire – Crowe was retained by the City of Columbia to act as a

3

special prosecutor following Plaintiff's institution of the instant civil action. Crowe is expected to testify regarding his evaluation of the prosecutorial merit of the charge against Plaintiff, his belief that the case had prosecutorial merit, and his belief that probable cause existed for Plaintiff's arrest.

12. Dr. Donna Schwartz-Watts – Dr. Schwartz-Watts is a psychiatrist hired by the Defendants to provide expert testimony regarding Plaintiff's alleged psychological damages. Schwartz-Watts is expected to testify that Plaintiff's alleged diagnoses are unsupported by the records, that Plaintiff's behavior fails to support his alleged mental health issues, and that Plaintiff does not appear to have been substantially psychologically damaged.

13. William "Bill" Frontz – Frontz is a private investigator hired by these Defendants to conduct surveillance on Plaintiff. Frontz is expected to testify regarding his surveillance of Plaintiff, including but not limited to his video recording of Plaintiff's social and work activities.

14. James "Jim" Irvin, Esquire – Irvin is expected to testify regarding Plaintiff's employment arrangements at the Irvin Law Firm, Plaintiff's work there, including his work on multiple criminal matters, Plaintiff's frequent excuses for not showing for work or leaving work early, and other information related to Plaintiff's employment and employment negotiations.

15. Reginald I. "Reggie" Lloyd, Esquire – Lloyd is expected to testify regarding his involvement in this matter following the City of Columbia Police department's request for an independent investigation of the allegations made by Plaintiff regarding the lawfulness of his arrest. Lloyd is expected to testify regarding the SLED investigation and findings.

16. Asst. Chief of Police Rueben Santiago – Chief Santiago is the current assistant Chief of Police for the Columbia Police Department and is expected to provide testimony regarding the Five Points area of the City of Columbia, including crime statistics for the period

preceding, during, and subsequent to the incident at issue in this suit. Santiago may also testify regarding his evaluation of the arrest of Plaintiff, the policies and procedures of the City of Columbia police department, and the training of these Defendants.

17.     Brandy Duncan, Esquire – Ms. Duncan is expected to testify regarding the authenticity of the records of the South Carolina Criminal Justice Academy as it relates to the training and certification of these Defendants.

**(N) The final list of exhibits intended to be used in the trial of the case with any objections noted. This list shall be served on opposing counsel.**

Pursuant to the instruction of counsel for Plaintiffs that the Court has directed that these need not yet be filed, as required by the letter of the rule, and may be completed on or before March 11, 2013, these Defendants are not providing an exhibit list at this time. The list will be provided to counsel for the other parties at that time.

> MBR Law, LLC
>
> *s/ Matthew B. Rosbrugh*
> Counsel for Defendants Long, Passmore, & Heywood
> Post Office Box 292290
> Columbia, South Carolina 29229
> matt@mbrlawllc.com
> 803 753-1432 (voice)
> 803 419-9614 (facsimile)

Columbia, South Carolina
March 5, 2013