# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan David McCoy, | ) | C/A No.: 3:10-132-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | **ON MOTION TO BIFURCATE** |
| City of Columbia, | **)** | **AND MOTIONS IN LIMINE** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

At a pretrial conference conducted on March 14, 2013, the court heard argument on a number of pretrial motions filed by both parties. During the hearing, the court ruled on certain issues and took other issues under advisement. This order shall serve to memorialize the rulings made on March 14, and to announce the court's rulings on certain of those issues taken under advisement.

I. **Plaintiff's Motion to Bifurcate**

The court denies plaintiff's motion to bifurcate the trial.

II. **Plaintiff's Motions in Limine**

   1. **Plaintiff's Motion Regarding the Authenticity of Records from the City of Columbia**

Because the City produced the disputed records in response to legitimate discovery requests from the plaintiff, the act of producing these records serves to authenticate them for purposes of the Federal Rules of Evidence. At the hearing, the only exhibit referred to in regard to this motion was plaintiff's Exhibit 35. Exhibit 35 will, therefore, be admissible.

1

The court reserves judgment on any other records until the time of trial.

2. **Evidence that the Plaintiff was Selected for *Cosmopolitan* Magazine's Bachelor of the Year 2010 Competition**

Because this information relates to the potential damage claim in this case, the court will admit testimony about this development.

3. **Evidence Related to the Results and/or Conclusions of Any Internal Affairs Investigation Conducted by the City of Columbia or Other Law Enforcement Agencies**

Except for Exhibit 35, discussed above, neither party may refer to any post-event investigations by the City of Columbia, the South Carolina Law Enforcement Division, the Federal Bureau of Investigation, or any other investigatory agency.

4. **Evidence of Crime in the Five Points District of Columbia, SC**

The court will allow testimony regarding the fact that the Five Points area of Columbia, South Carolina was generally considered a high-crime area before or at the time of plaintiff's arrest. The court will not allow testimony regarding specific instances of violent crime in Five Points, however, or testimony regarding the perception of the Five Points area as a high-crime area after the plaintiff's arrest in this case. The defendant indicated that there may be testimony that, on occasion, officers, after breaking up a fight and handcuffing one of the participants in the fight, had the unfortunate experience of the other participant of the fight taking a "cheap shot" at the handcuffed participant. The court indicated that if the officers involved in this case had firsthand knowledge of such events, it would permit such testimony, provided that the events pre-dated the event in question in this case.

5. **Evidence of Plaintiff being a "Plaintiff's Attorney" or a "Criminal Defense" Attorney**

When this issue was discussed, defense counsel indicated that they would not attempt to portray the plaintiff in a negative light by referring to him as a "plaintiff's attorney" or "criminal defense attorney" but would intend to bring out the fact that he is a practicing attorney insofar as it relates to the question of damages. Defense counsel also indicated that they might wish to disclose to the jury that the plaintiff's area of major practice was in the criminal defense arena, a point to which the court had no objection.

6. **Evidence that the Officers had Probable Cause to Arrest the Plaintiff**

The court holds this issue under advisement and it will be discussed further with counsel on the first day of trial.

7. **Evidence of Plaintiff Consuming Alcohol**

The court indicated that this evidence would be admissible because alcohol is known to affect a person's judgment, and the plaintiff's judgment on the date on question is at issue in this case. To the extent the defendants seek to offer evidence of plaintiff's alcohol consumption subsequent to the date in question, the court will reserve judgment on this issue and decide it as the trial progresses.

8. **Evidence Concerning Military Service of Officer James Heywood**

The court indicated that this testimony would be admissible.

9. **Evidence that Plaintiff Called Officer Long a "Fucking Bitch"**

The court indicated that this evidence would be admissible.

### III. DEFENDANT'S MOTION IN LIMINE

    1.    **Limiting the Scope of the Video Shown to the Jury**

Defendant asked the court to edit the video of the incident in question so as to allow the jury to see only that portion of the video that begins with the plaintiff's walking out of the establishment and confronting the officers. The court denied this request, and the jury will be allowed to review the entire video.

    2.    **Testimony Regarding Alleged Damages for Post Traumatic Stress Disorder and/or Mental Distress Arising From the Suicide at the Alvin S. Glenn Detention Center**

The court has carefully reviewed the transcript of the hearing before Magistrate Judge McCrorey and has determined that the plaintiff did not, in fact, agree to give up all claims for emotional distress at that hearing. Rather, the plaintiff agreed to drop the claim for "loss of enjoyment of life" which included a claim that the plaintiff had a fear of returning to Columbia, South Carolina. The plaintiff did not drop claims for mental and emotional distress generally.

    3.    **Plaintiff's Expert Witnesses**

It should be noted at the outset that this court has traditionally frowned upon witnesses being offered as "experts" who purport to examine a disputed factual record and form legal conclusions for the jury. Ordinarily, the jury is in just as good a position as the expert to draw the conclusion. Although Rule 704 of the Federal Rules of Evidence indicates that testimony that reaches the "ultimate issue" is not inadmissible per se, the expert's opinion must to be helpful to the jury. When an expert merely reviews the same evidence that the jury has seen

4

and heard and then offers a conclusion, this is not helpful to the jury because the jury is in an equal position to the expert in terms of determining what happened. With this caveat in mind, the court rules as follows:

> A. **Testimony by the Expert That the Officers Falsely Reported the Facts of the Incident in the Incident Report That Was Prepared Subsequent to the Plaintiff's Arrest**.

The court will disallow this testimony.

> B. **Testimony by the Expert That the Use of Force Against McAlister Was Unreasonable and Excessive**.

The court grants the motion and will disallow testimony regarding the reasonableness of the McAlister arrest. It is irrelevant to this case.

> C. **Testimony by the Expert that Probable Cause Did Not Exist to Arrest the Plaintiff for Interfering**.

The court will disallow this testimony.

> D. **Testimony by the Expert that the Use of Force Against the Plaintiff was Excessive, Unreasonable and Unjustified.**

Because the court has already determined, in construing the state law claim for assault and battery asserted in this case, that the force used was reasonable under the circumstances, the court will disallow this testimony.

> E. **Testimony by the Expert That the City Impermissibly Ratified the Officers' Misconduct by Not Immediately Firing the Officers.**

Plaintiff agreed not to offer this testimony at trial.

> 4. **Evidence that the Prosecutor Nolle Prossed the Plaintiff's Criminal Charge**.

5

The court will allow this testimony.

5. **Testimony or Evidence Concerning the Incident Report Prepared by the Officers.**

The court will allow this testimony.

6. **Testimony Concerning the Alleged Unlawfulness of the Arrest of McAlister.**

The court will exclude this evidence under Rule 403 of the Federal Rules of Evidence. Whatever probative value it has in this case is substantially outweighed by the danger of confusing the jury.

7. **Evidence Relating to the Investigation of the Incident by the City of Columbia's Internal Affairs Division, or other Law Enforcement.**

As indicated above, both parties will be prohibited from introducing such evidence.

8. **Evidence Relating to the Potential of the Officers' Exercise of Their Fifth Amendment Rights, Had the Plaintiff's Underlying Criminal Case Gone to Trial.**

The court will disallow this evidence.

9. **Evidence that the Ordinance Has Been Found Unconstitutionally Vague by This Court.**

The court will hold this issue under advisement and will discuss the matter with the attorneys on the first day of trial.

10. **Evidence Relating to Officer Passmore's Testing Issues While a Training Officer at the City of Columbia Police Department.**

The court determined that this is proper impeachment material under Rule 608(b) of the Federal Rules of Evidence. However, as provided by the Rule, the plaintiff may not offer

6

extrinsic evidence of the alleged misconduct and is limited to cross-examining the witness regarding the episode.

    IT IS SO ORDERED.

March 15, 2013                            Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge